United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-60795
Summary Calendar

---

RIO FOLKLAND CITRA TJIE

Petitioner

v.

ALBERTO R GONZALES, US ATTORNEY GENERAL

Respondent

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96 290 387
--------------------

Before KING, WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Rio Folkland Citra Tjie, a native and citizen of Indonesia who is an ethnic Chinese and a Roman Catholic, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal of the decision of the immigration judge (IJ). The IJ rejected Tjie's application for asylum as untimely and denied his applications for withholding of removal and for relief under the Convention Against Torture (CAT).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We lack jurisdiction to review Tjie's challenge to the IJ's rejection of his asylum application as time-barred.  See 8 U.S.C. §§ 1158(a)(2)(B), (a)(2)(D), (a)(3); see also Sokolov v. Gonzales, 442 F.3d 566, 568-69 (7th Cir. 2006).  Although the REAL ID Act retroactively restored this court's jurisdiction to review constitutional claims and questions of law regarding final orders of removal in many circumstances where such review otherwise would be barred, the determination whether a "change in circumstances" or "extraordinary circumstances" justified Tjie's failure to file his asylum application in a timely manner does not involve such a constitutional claim or legal question.

We will uphold the finding that an alien is not eligible for withholding of removal or relief under the CAT if that finding is supported by substantial evidence.  Zhang v. Gonzales, 432 F.3d 339, 344 (5th Cir. 2005).  When the BIA has summarily affirmed the IJ's decision, as here, we review the IJ's decision.  See Majd v. Gonzales, 446 F.3d 590, 594 (5th Cir. 2006).  The substantial evidence standard requires that the agency decision be based on the record evidence and that the decision be substantially reasonable.  Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996).  Under this standard, the IJ's determination will be affirmed unless the "evidence compels a contrary conclusion."  Id.

Tjie has not established that the evidence compels a conclusion that it is "more likely than not" that he will be

persecuted if returned to Indonesia.  See Roy v. Ashcroft, 389 F.3d 132, 138-39 (5th Cir. 2004); Zhang, 432 F.3d at 344. Although Tjie testified that he and his mother and father were robbed and attacked by ethic Indonesian Muslims in 2001, he has not established that this isolated incident, which the IJ determined was motivated primarily by robbery, amounted to past persecution or demonstrated a clear probability that Tjie would be subjected to persecution if returned to Indonesia.  See Eduard v. Ashcroft, 379 F.3d 182, 187-88 (5th Cir. 2004); Abdel-Masieh v. United States INS, 73 F.3d 579, 583-84 (5th Cir. 1996).  Tjie is correct that his claim may be based solely on his own oral testimony.  See 8 C.F.R. § 208.16(b).  The IJ did not err, however, by noting that he had provided no supporting documentation, because this observation was made in conjunction with a determination that Tjie's testimony, while credible, was insufficiently detailed and consistent by itself to support his claims.

Tjie also has failed to show that the IJ's determination that he was not entitled to CAT relief was not supported by substantial evidence.  See Zhang, 432 F.3d at 344.  The evidence did not reflect that it was more likely than not that Tjie would be subjected to torture upon a return to Indonesia.  See 8 C.F.R. § 208.18(a)(1).

The petition for review is DISMISSED in part and DENIED in part.