United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 5, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-60258
_____

JOSEPHINE NAKIMBUGWE,

Petitioner,

v.

ALBERTO R. GONZALES,
U.S. ATTORNEY GENERAL,

Respondent.

_____

On Petition for Review of the Decision of the Board of
Immigration Appeals

_____

Before KING, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:

Josephine Nakimbugwe, a native and citizen of Uganda, was
admitted to the United States on May 30, 2001 with authorization to
stay until August 30, 2001.  She remained in the country past that
date, and in August 2002, the Immigration and Naturalization
Service began removal proceedings against her.  At a hearing, the
immigration judge ("IJ") determined that Nakimbugwe's removability
was established by clear and convincing evidence.  Nakimbugwe
subsequently applied for asylum and, in the alternative,

withholding of removal. The IJ denied the asylum request on the grounds that her application was untimely and that she was not credible. He then denied her application for withholding of removal, finding that Nakimbugwe had failed to show that it was more likely than not that she would face persecution on her return to Uganda.

The Board of Immigration of Appeals ("BIA") subsequently dismissed Nakimbugwe's appeal and adopted the IJ's findings that her asylum application was untimely and that she had failed to show a likelihood of persecution upon her return. The BIA did not specifically adopt the IJ's finding that Nakimbugwe was not credible. Nakimbugwe now challenges the BIA's rulings on both asylum and withholding of removal. We REVERSE the BIA's holding that the asylum claim was untimely and REMAND the case to the BIA so that it can consider the merits of Ms. Nakimbugwe's asylum claim. We AFFIRM the BIA's denial of withholding of removal.

## I. STANDARD OF REVIEW

Generally, we have authority to review only the decision of the BIA, but where, as here, the BIA only affirms the IJ's decision without opinion, we review the IJ's decision. Majd v. Gonzales, 446 F.3d 590, 594 (5th Cir. 2006). As we discuss below, the determination of timeliness in this case is purely a question of law, so we review it de novo. We review the IJ's ruling on withholding of removal under the "substantial evidence" test, and

2

"reversal of the IJ is improper unless we decide not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." Majd, 446 F.3d at 594 (citations omitted).

## II. THE TIMELINESS OF THE ASYLUM APPLICATION

Under 8 U.S.C. § 1158, an alien seeking asylum typically must file an application within one year of his or her arrival in the United States. In Nakimbugwe's case, this meant that her application was due on May 30, 2002. She produced evidence in the form of a certified mail receipt showing that she mailed the application on May 29, 2002, but it was not received by the agency until June 3, 2002, four days after the deadline.

Federal law sets forth how the agency is to treat applications that are not received by the deadline:

> In a case in which the application has not been received by the Service within 1 year from the applicant's date of entry into the United States, but the applicant provides clear and convincing documentary evidence of mailing the application within the 1-year period, the mailing date shall be considered the filing date.

8 C.F.R. § 208.4(a)(2)(ii) (2000). Nakimbugwe relied on the plain language of the statute to argue that the mailing date should be considered the filing date. The IJ concluded that the statute only applied to those applications that are never received by the agency, but not to those that merely arrive late, and ruled Nakimbugwe's application untimely.

Before resolving this dispute, we note that we do have jurisdiction to review the IJ's determination as to timeliness. It

3

is true that 8 U.S.C. § 1158 contains a jurisdiction-stripping provision stating that "[n]o court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)." 8 U.S.C. § 1158(a)(3). In the past, this section would have precluded us from reviewing an IJ's ruling on timeliness. However, the Real ID Act of 2005 recently restored this Court's jurisdiction over an IJ's rulings on both constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(D) (2005); Rosales v. Bureau of Immigration & Customs Enforcement, 426 F.3d 733, 736 (5th Cir. 2005) (interpreting 8 U.S.C. § 1252(a)(2)(D) (2005)), cert. denied, 126 S. Ct. 1055 (2006). Many determinations of timeliness are based on an IJ's assessment of facts and circumstances that affected the applicant's filing, and even after the passage of the Real ID Act, such rulings are clearly unreviewable by this Court.[1] In the instant case, however, the IJ's determination was based entirely on his construction of a federal regulation, which is a question of law over which we now have jurisdiction.[2]

---

[1] For example, Nakimbugwe also challenges the IJ's (and the BIA's) determination that she failed to demonstrate extraordinary circumstances preventing her from filing for asylum within a year. This challenge turns entirely on a question of fact, and this Court therefore has no jurisdiction to consider it, even after the passage of the Real ID Act. 8 U.S.C. § 1158(a)(3); Tjie v. Gonzales, 2006 WL 1933814, at *1 (5th Cir. July 12, 2006) (unpublished opinion).

[2] The legislative history of the Real ID Act and recent decisions in other circuits all suggest that this is exactly the kind of case over which the federal courts now have jurisdiction. See H.R. Rep. No. 109-72, at 175 (2005) ("[For purposes of the Real ID Act], a 'question of law' is a question regarding the

4

We now turn to the immigration judge's reading of the federal regulation. The IJ provided no citation or support for the conclusion that the regulation only applies to those applications that are never received by the agency, and we have found none. Rather, we find the language of the regulation to be clear and unambiguous. When an application "has not been received by the Service within 1 year," the mailing date "shall" be considered the filing date if the applicant provides clear and convincing evidence that it was mailed before the deadline expired. 8 C.F.R. § 208.4(a)(2)(ii). The regulation does not distinguish between those applications that are never received and those that are received late, and we decline to read in such a distinction without a basis for doing so.[3]

There is no dispute that Nakimbugwe's application was not received within the one-year deadline. There is also no dispute that she mailed the application before the deadline. Accordingly, the mailing date shall be considered the filing date, and her application for asylum shall be considered timely. Because the BIA

---

construction of a statute."); <u>Xiao Ji Chen v. U.S. Dep't of Justice</u>, 434 F.3d 144, 154 (2nd Cir. 2006) (quoting same and adding that "questions of law . . . refers to 'a narrow category of issues regarding statutory construction'") (citations omitted); <u>Ramadan v. Gonzalez</u>, 427 F.3d 1218, 1222 (9th Cir. 2005) (same) (citations omitted).

[3]The IJ reached a contrary conclusion for fear that our reading "would thwart and gut the requirement that [an applicant] file an asylum application within one year of arrival." Suffice it to say, we disagree.

erroneously adopted the IJ's ruling on timeliness, however, it never considered the merits of Nakimbugwe's asylum application. We therefore REVERSE the Board's ruling on timeliness and REMAND to the BIA with instructions to consider the merits of her asylum request.

### III. NAKIMBUGWE'S REQUEST FOR WITHHOLDING OF REMOVAL

Unlike the asylum claim, the BIA affirmed the IJ's ruling as to withholding of removal on the merits. The BIA agreed with the IJ that Nakimbugwe failed to establish a likelihood of persecution or torture upon return to her native Uganda. On appeal, then, Nakimbugwe cannot prevail unless she can show that "the evidence [she] presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483–84 (1992). Nakimbugwe has failed to carry this burden.

The immigration judge addressed Nakimbugwe's request for withholding of removal at great length, and offered several detailed reasons for denying it. One of the IJ's reasons was the existence of certain inconsistencies between Nakimbugwe's testimony and the evidence, which cast doubt on her credibility. On appeal, Nakimbugwe's only argument for reversal is that some of these inconsistencies were relatively minor mistakes involving dates and the like. Even if we were to agree with her that some of the discrepancies were relatively minor, we would not be persuaded that the IJ was unreasonable in ruling against her, because the IJ did

6

not base his decision exclusively on these inconsistencies. The IJ also considered photographic and other evidence and found it unpersuasive, and Nakimbugwe has not presented this Court with any reason to doubt these findings. Therefore, we cannot say that the record before us compels a contrary conclusion, nor that the IJ's decision was unreasonable. Accordingly, we AFFIRM the immigration judge's decision denying withholding of removal.

## IV. CONCLUSION

In light of the foregoing analysis, we REVERSE the BIA's determination on timeliness and REMAND Nakimbugwe's case to the Board for a ruling on the merits of her asylum application. We AFFIRM the immigration judge's denial of withholding of removal because Nakimbugwe has not carried her burden on appeal.