IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 25, 2007

Charles R. Fulbruge III
Clerk

No. 06-61146
Summary Calendar

HTET HTET MA; MAUNG WAI LU,

Petitioners,

v.

PETER D. KEISLER, Acting United States Attorney General,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98 709 107
BIA No. A98 709 108

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Htet Htet Ma (Ma) and Maung Wai Lu (Lu) petition this Court for review of the decision of the Board of Immigration Appeals (BIA) dismissing their appeal of the immigration judge's (IJ) decision denying their claims for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The BIA found Ma's and Lu's asylum claims to be time-barred, and it rejected their claims that an exception to the time-bar was warranted. Pursuant to 8 U.S.C. § 1158(a)(3), this Court does not have jurisdiction to review Ma's and Lu's assertions that their asylum claims were not time-barred. See Nakimbugwe v. Gonzales, 475 F.3d 281, 284 n.1 (5th Cir. 2007). Accordingly, their claims for asylum are dismissed.

We will uphold the conclusion that an alien is not eligible for withholding of removal if that conclusion is supported by substantial evidence. Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994). The substantial evidence standard requires that the decision be based on the record evidence and that the decision be substantially reasonable. Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996). Under this standard, we will affirm the decision unless the "evidence compels a contrary conclusion." Id.

The BIA agreed with the IJ's conclusion that the petitioners' brief detention during times of public unrest in Burma failed to establish past persecution. This decision is supported by substantial evidence. See Abdel-Masieh v. INS, 73 F.3d 579, 584 (5th Cir. 1996); Fleurinor v. INS, 585 F.2d 129, 133–34 (5th Cir. 1978). Substantial evidence also supports the conclusion that neither Ma nor Lu have shown that she or he will be singled out for persecution upon returning to Burma. See 8 C.F.R. § 208.16(b)(1),(2); Zhao v. Gonzales, 404 F.3d 295, 307 (5th Cir. 2005). For the same reasons, Ma and Lu have not shown that they meet the high standard for relief under the Convention Against Torture. See Efe v. Ashcroft, 293 F.3d 899, 907 (5th Cir. 2002).

PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.