**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-60167
Summary Calendar

APHAI PANMESRI

Petitioner

v.

ERIC H. HOLDER, JR., U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98-501-397

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Aphai Panmesri petitions for review of the order of the Board of Immigration Appeals (BIA) denying him relief from a removal order. For the reasons set forth below, we dismiss the petition with respect to Panmesri's claim for asylum and deny the petition with respect to his claims for withholding of removal and relief under the Convention Against Torture (CAT).

Following the passage of the Real ID Act in 2005, this Court has jurisdiction to review a determination of the timeliness of an asylum application

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

where the decision is based entirely on a constitutional or legal question. *Nakimbugwe v. Gonzales*, 475 F.3d 281, 284 (5th Cir. 2007). However, where the timeliness determination is based on an "assessment of facts and circumstances," it is not reviewable by this Court. *Id.* at 284 & n.1. The immigration judge's rejection of Panmesri's claim of changed circumstances was based on an evaluation of the facts and circumstances of his claim, not on a legal or constitutional question. Accordingly, this Court is without jurisdiction to consider Panmesri's claim that his asylum application should not have been pretermitted as untimely. *See Zhu v. Gonzales*, 493 F.3d 588, 595–96 & n.31 (5th Cir. 2007).

On a petition for review of a BIA decision, this court reviews factual findings for substantial evidence. *Zhu*, 493 F.3d at 594. Under the substantial evidence standard, a petition for review will not be granted unless this Court decides "not only that the evidence supports a contrary conclusion, but also that the evidence compels it." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (internal quotations and citation omitted). The underlying decision of the IJ is considered only to the extent that it has "some impact upon the BIA's opinion." *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002).

To be eligible for the withholding of removal, an applicant must establish that there is a clear probability that he will be persecuted upon his return to his home country. *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004). He must show that "it is more likely than not that [his] life or freedom would be threatened by persecution on account of either his race, religion, nationality, membership in a particular social group, or political opinion." *Id.* The alien must also prove some nexus between the persecution and one of the five enumerated grounds. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992).

Panmesri's assertion that he suffered past persecution due to his Esan ethnicity when he was "denied" employment as an electrician in neighboring Laos by the Thai military is not supported by the record. Moreover, Panmesri

did not offer any testimony which established a nexus between the border activity, or the seizure of his property, and his Esan ethnicity. *See Elias-Zacarias*, 502 U.S. at 482. Panmesri's assertions also do not compel the conclusion that there existed a nexus between his political activity and the alleged persecution. *See id.* Although Panmesri testified that he was beaten during a demonstration, his testimony did not reflect that the beating was in response to his political views. Panmesri also acknowledged that he remained in Thailand for nearly 20 years following his political activities. Further, the incidents of persecution against Panmesri's cousins do not demonstrate past persecution because they do not show a pattern of persecution closely tied to Panmesri. *See Qoku v. Gonzales*, 156 F. App'x 703, 707-08 (5th Cir. 2005).

As Panmesri failed to make a showing of past persecution, he was not entitled to a presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 208.13. Similarly, the Government was not required to show changed circumstances which would allow him to return to Thailand without a fear of future persecution. *See* 8 C.F.R. § 208.16 (b)(1)(A). Nor does the Government bear the burden of showing that relocation within Thailand was not reasonable. *See Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).

Panmesri's argument that he is entitled to relief under the CAT borders on frivolous. A claim under the CAT requires more than a showing of persecution; it imposes "the higher bar of torture." *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). Panmesri's bald assertion that he has experienced mental anguish is far below the required standard for a showing of mental torture. *See* 8 C.F.R. § 208.18(a)(1), (2), (4).

PETITION DENIED; ASYLUM CLAIM DISMISSED.