# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-60487
Summary Calendar

YVON PAPAYER

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order
of the Board of Immigration Appeals
BIA No. A24 704 492

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Yvon Papayer, a native and citizen of Haiti, petitions for review of a decision by the Board of Immigration Appeals (BIA) finding that he had not submitted sufficient evidence to establish his eligibility for adjustment of status under the Haitian Refugee Immigration Fairness Act of 1998 (HRIFA), Pub. L. No. 105-277, § 902, 112 Stat. 2681-538 (codified as amended at 8 U.S.C. § 1255 note (2006)). Papayer raised that ground for relief for the first time before the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

BIA, and the BIA declined to remand his case to the Immigration Judge (IJ) due to Papayer's failure to submit sufficient evidence to establish his eligibility for adjustment of status under the HRIFA. The government asserts that this court lacks jurisdiction to review the decision of the BIA under the jurisdiction-stripping provision of the HRIFA. Papayer does not address that provision, and simply asserts that he is eligible for relief under the HRIFA.

The "Limitation on Judicial Review" provision of the HRIFA provides that "[a] determination by the Attorney General as to whether the status of any alien should be adjusted under [the HRIFA] is final and shall not be subject to review by any court." Pub. L. No. 105-277, § 902(f), 112 Stat. 2681-538. By its explicit terms, that provision deprives this court of jurisdiction to review a determination by the BIA (acting on behalf of the Attorney General) as to whether the status of an alien should be adjusted under the HRIFA.[1] *See Sicar v. Chertoff*, 541 F.3d 1055, 1061 (11th Cir. 2008) ("The only even arguable threshold issue set forth in § 902(f) is whether there has been a determination by the Attorney General. If there has been, and in this case there has, we have no jurisdiction to review it. The language of § 902(f) could not be plainer."); *Alexis v. U.S. Attorney Gen.*,

---

[1] We note that the Real ID Act of 2005 specifically grants courts of appeals jurisdiction to review "constitutional claims or questions of law" arising from BIA orders, notwithstanding "any other provision of [the Immigration and Nationality Act]." 8 U.S.C. § 1252(a)(2)(D) (2006); *see also Nakimbugwe v. Gonzales*, 475 F.3d 281, 284 (5th Cir. 2007) (discussing the Real ID Act's restoration of this court's jurisdiction to hear rulings over constitutional claims or questions of law). Congress expressly appended the HRIFA as a note to 8 U.S.C. § 1255, an immigration statute within the Immigration and Nationality Act. *See Midi v. Holder*, --- F.3d ----, No. 08-1367, 2009 WL 1298651, at *3 & n.3 (4th Cir. May 12, 2009) (holding that the jurisdiction-stripping provision of the HRIFA does not deprive a court of jurisdiction to review constitutional claims or questions of law). However, Papayer does not assert a constitutional claim or argue that the BIA erred in resolving a question of law; rather, Papayer challenges the BIA's factual finding that he had failed to submit any evidence to establish that he ever properly applied for relief under the HRIFA.

431 F.3d 1291, 1294 (11th Cir. 2005) (stating that "the language embodied in section 902(f) could not be any clearer" that a court has "no jurisdiction to consider the adjustment decision"). In this case, the BIA's finding that Papayer had not submitted sufficient evidence to establish his eligibility for adjustment of status under the HRIFA amounts to a determination that Papayer's status should not be adjusted under the HRIFA. As a result, it is not subject to review by this court under the jurisdiction-stripping provision of the HRIFA.

Papayer's petition for review is DISMISSED.