**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 31, 2009

Charles R. Fulbruge III
Clerk

No. 07-60974
Summary Calendar

SAMSON CHE ANGWAFO,

Petitioner

v.

ERIC H. HOLDER, JR., U S ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96 159 111

Before DAVIS, STEWART and HAYNES, Circuit Judges.

PER CURIAM:*

Samson Che Angwafo, a native and citizen of Cameroon, petitions this court for a review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal of an order of an Immigration Judge (IJ) that dismissed his application for asylum and denied his application for withholding of removal and relief under the Convention Against Torture (CAT). The IJ found that Angwafo was statutorily ineligible for asylum because he failed to demonstrate

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by clear and convincing evidence that he filed his application for asylum within one year of entering the United States. Alternatively, the IJ ruled that Angwafo was not a credible witness and therefore failed to demonstrate his eligibility for asylum, withholding of removal and relief under the CAT. The BIA adopted and affirmed the IJ's credibility findings and the IJ's finding that Angwafo was statutorily barred from receiving asylum, concurring that Angwafo had failed to establish with credible evidence that he was eligible for asylum, withholding of removal, or relief under the CAT.

Angwafo concedes that this court may lack jurisdiction to review his asylum claim and raises no challenge to the IJ's timeliness determination. Rather, he contends that he presented credible testimony in support of his claims for withholding of removal and relief under the CAT.

This court "must examine the basis of [its] subject matter jurisdiction, on [its] own motion if necessary." *Zhao v. Gonzales*, 404 F.3d 295, 302 (5th Cir. 2005). To be statutorily eligible for asylum, an alien must demonstrate by clear and convincing evidence that he filed an application for asylum within one year of his latest arrival in the United States. § 1158(a)(2)(B). Because the IJ's determination was based on factual findings, this court is without jurisdiction to review Angwafo's asylum claim. *See Zhu v. Gonzales*, 493 F.3d 588, 594-95 (5th Cir. 2007); *Nakimbugwe v. Gonzales*, 475 F.3d 281, 284 (5th Cir. 2007).

This court gives great deference to a factfinder's decisions concerning an alien's credibility and will not substitute its judgment for that of the BIA or the IJ with respect to witness credibility or ultimate factual findings based on credibility determinations. *Efe v. Ashcroft*, 293 F.3d 899, 905 (5th Cir. 2002). Therefore, this court "will not review decisions turning purely on the immigration judge's assessment of the alien petitioner's credibility." *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994) (internal quotation marks and citation omitted). This court will, however, review the record to determine whether an adverse credibility determination is "supported by specific and cogent reasons

derived from the record." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). This court will reverse the IJ's credibility determination "only if the record 'compels' a different conclusion." *Mwembie v. Gonzales*, 443 F.3d 405, 410 (5th Cir. 2006).

Here, the IJ gave specific, cogent reasons for the adverse credibility determination that were based on the petitioners' testimony and documentary evidence contained in the record. *See Zhang,* 432 F.3d at 344. This court has held that "where the judge's credibility determinations are supported by the record, we will affirm them even if we may have reached a different conclusion, because we will reverse only if the record compels a different conclusion." *Mwembie,* 443 F.3d at 410 (internal quotation marks and citation omitted). The record in this case does not compel a different conclusion regarding the petitioners' lack of credibility. Rather, the record as a whole supports the adverse credibility determination.

Because "[w]e cannot substitute our judgment for that of the BIA or IJ with respect to the credibility of the witnesses or ultimate factual findings based on credibility determinations . . . we will not review decisions turning purely on the immigration judge's assessment of the alien petitioner's credibility." *Chun*, 40 F.3d at 78. The denial of relief in this case was based on the finding that the Angwafo failed to provide credible evidence in support of his claims, and the adverse credibility determination was supported by specific, cogent reasons. We therefore decline to review the decision denying relief in this case. *See id.*

The petition for review is DISMISSED IN PART for lack of jurisdiction and DENIED IN PART.