# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 4, 2010

No. 09-60785
Summary Calendar

Lyle W. Cayce
Clerk

YUXI CHEN,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 729 039

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Yuxi Chen, a native and citizen of China, petitions this court for review of a Board of Immigration Appeals (BIA) decision dismissing her appeal from an immigration judge's order that denied her request for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). For the reasons described below, we DENY her petition.

Chen sought relief based on her religious beliefs and political opinions. The BIA and immigration judge (IJ) found that Chen's asylum application was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

untimely because she failed to prove by clear and convincing evidence that it had been filed within one year of her last arrival into the United States. The BIA and the IJ also found that Chen's testimony was not credible. As a result, the BIA determined that she could not establish her eligibility for withholding of removal. As to her claim for protection under the CAT, the BIA determined that Chen had not presented any persuasive arguments supporting a reversal of the IJ's denial.

## I.

Chen challenges the BIA's and IJ's determinations that her asylum application was untimely. However, she has not attempted to identify a constitutional or legal issue with regard to the timeliness of her application. Her only claims are based on the IJ's assessment of facts and circumstances. Accordingly, we lack jurisdiction to consider this issue.[1]

## II.

Chen next challenges the adverse credibility determinations. She argues that the inconsistencies found by the BIA and the IJ do not go to the heart of her claims for relief and either do not exist or were reasonably explained. Chen also argues that the IJ relied on speculation in making the adverse credibility determinations.

We review an immigration court's findings of fact for substantial evidence in the record, and we will only reverse those findings if the evidence compels it.[2] Among those factual findings subject to review for substantial evidence is an

---

[1] *Nakimbugwe v. Gonzales*, 475 F.3d 281, 284 (5th Cir. 2007); *see also Zhu v. Gonzales*, 493 F.3d 588, 594-95 (5th Cir. 2007).

[2] 8 U.S.C. § 1252(b)(4)(B); *Zhu*, 493 F.3d at 594.

immigration court's conclusion that an alien is not credible.[3]  We also use substantial evidence review for the decision to deny withholding of removal and protection under the CAT.[4]

Pursuant to the REAL ID Act of 2005, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible."[5]  We will "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."[6]

The BIA's and IJ's adverse credibility determinations meet this highly deferential standard.  Several inconsistencies exist in Chen's testimony. Regarding her Chinese identification card, Chen first testified that the card was issued to her before she left China in December 2003.  However, when confronted with evidence that the card was issued in August 2004, Chen changed her story and asserted that she had lost the identification card and family members obtained a replacement card for her while she was overseas. The BIA and the IJ reasonably determined that Chen's changing testimony was unsatisfactory.

The adverse credibility determinations are further supported by the discrepancies in Chen's testimony describing where she resided prior to filing for asylum.  During cross-examination, Chen testified that she had only lived in Los Angeles and New Orleans while in the United States.  Counsel asked Chen why her work authorization applications listed addresses in two other cities.  Chen

---

[3] *See Chun v. INS*, 40 F.3d 76, 78-79 (5th Cir. 1994).

[4] *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

[5] *Wang v. Holder,* 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks and citation omitted); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii).

[6] *Wang*, 569 F.3d at 538 (internal quotation marks and citation omitted).

had no explanation for the differences.  On appeal, Chen argues that her immigration consultants placed their own addresses on the applications and she never lived in those locations.  Yet nothing in the record compels belief in her explanation, and we cannot rely on post hoc explanations alone.[7]

Additionally, Chen failed to offer plausible explanations for discrepancies between her immigration hearing testimony and her asylum interview.  She offered conflicting stories regarding when she arrived in Mexico before coming to the United States, what type of documents she used to travel from Thailand to Holland, and how much money she paid her smuggler.  Chen testified she may have "mishear[d]" the asylum officer, but during the interview Chen had not indicated any problem understanding the questions posed to her via an interpreter.  The BIA and the IJ reasonably determined that Chen's explanation, that she misunderstood the question, was not convincing.  Chen points to no evidence that compels a contrary conclusion.[8]  Instead, Chen argues that the BIA relied on minor inconsistencies that are irrelevant to her claims.  This argument is not compelling because the REAL ID Act allows for the consideration of "*any* inconsistency," including those that do not lie at the heart of the applicant's claim.[9]

In light of the inconsistencies found by the BIA and the IJ, we are unable to conclude that "no reasonable fact-finder could make such an adverse credibility ruling."[10]  Because the credibility determinations of the BIA and the

---

[7] *See id.* at 539; *I.N.S. v. Phinpathya*, 464 U.S. 183, 188 n.6 (noting that "[c]ounsel's unsupported assertions in respondent's brief do not establish" a factual basis in the record).

[8] *See Wang*, 569 F.3d at 539-40.

[9] *Id.* at 538.

[10] *Id.* at 538 (internal quotation marks and citation omitted).

No. 09-60785

IJ withstand review, the decision to deny Chen withholding of removal relief is supported by substantial evidence.[11]

### III.

Finally, Chen contends that the decision to deny her relief under the CAT should be reversed because the decision was improperly based on adverse credibility findings. We agree with the IJ and BIA that Chen is not credible, and therefore her CAT claim was properly denied. Moreover, the IJ addressed the merits of the CAT claim and concluded that Chen had not described abuse that rose to the level of torture. Further, she failed to meet her burden of proving that it was more likely than not that she would be tortured if returned to China. The BIA found that Chen presented no persuasive arguments to reverse the IJ's finding. We agree, finding no evidence to the contrary.

Petition for review of denial of asylum is DISMISSED for lack of jurisdiction; Petition for review of denial of withholding of removal and protection under CAT is DENIED.

---

[11] *See Chun*, 40 F.3d at 79.