**Michael SMAHA, Petitioner**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

No. 10–60339
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 14, 2011.

Alexandre I. Afanassiev, Esq., Foster Quan, L.L.P., Houston, TX, Raed Gonzalez, Esq., Senior Attorney, Garza & Associates, Bellaire, TX, for Petitioner.

Daniel I. Smulow, Trial Attorney, Tangerlia Cox, Kerry Ann Monaco, Trial Attorney, Scott Lawrence Rempell, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM: *

Michael Smaha, a native and citizen of Lebanon, petitions for review of a decision of the Board of Immigration Appeals (BIA) affirming the decision of the immigration judge (IJ) denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). His asylum application was denied as untimely, and his application for withholding of removal and relief under CAT was denied because Smaha's testimony was deemed not credible and because he failed to provide reasonably available corroborating evidence in support of such relief.

Smaha concedes that his asylum application was not timely filed, but he argues that his application should nevertheless be considered timely pursuant to 8 U.S.C. § 1158(a)(2)(D). We do not have jurisdiction to review the IJ's and BIA's determinations that Smaha's asylum application was untimely. *See* 8 U.S.C. § 1158(a)(3); *Nakimbugwe v. Gonzales,* 475 F.3d 281, 284 & n. 1 (5th Cir.2007).

Smaha argues that his application for withholding of removal and relief under CAT was supported by credible testimony that was corroborated by documentation provided to the immigration court. With respect to his application for withholding of removal, he contends that his credible testimony established a clear probability of future persecution in Lebanon based upon his religion, nationality, and membership in a particular social group of Palestinian soldiers in a Christian militia.

We review the factual findings of the immigration court for substantial evidence, and we review legal questions de novo. *Zhu v. Gonzales,* 493 F.3d 588, 594 (5th Cir.2007). Because the BIA adopted the IJ's findings, the IJ's findings are subject to our review. *Id.* at 593. We will defer "to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Wang v. Holder,* 569 F.3d 531, 538 (5th Cir.2009) (internal quotation and citation omitted).

Smaha did not provide any corroboration for his claim that he was a member of a Christian militia, even though such evidence was apparently readily available. *See id.* at 539. Smaha's testimony did not establish that he and his family had been persecuted in Lebanon in the past, and he presented no evidence to corroborate that claim. *See Faddoul v. INS,* 37 F.3d 185, 188 (5th Cir.1994); *Mikhael v. INS,* 115 F.3d 299, 304 & n. 4 (5th Cir.1997). He also presented no evidence to corroborate his claim that he personally would be persecuted and tortured if he returned to Lebanon. Thus, he fails to demonstrate that "it is plain that no reasonable fact-finder could make ... an adverse credibility ruling." *See Wang,* 569 F.3d at 538–39. Moreover, the evidence certainly does not compel a conclusion that Smaha carried his burden of establishing eligibility for relief. *See Lopez–Gomez v. Ashcroft,* 263 F.3d 442, 444 (5th Cir.2001). We therefore defer to the findings of the BIA and the IJ that Smaha's testimony was not credible and insufficient to satisfy his burden as to withholding of removal and protection under CAT. Smaha's petition for review is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.