# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60680

GHANSHYAMBBHAI PATEL,

Petitioner,

v.

ERIC HOLDER, United States Attorney General,

Respondent.

United States Court of Appeals
Fifth Circuit

**FILED**

November 4, 2014

Lyle W. Cayce
Clerk

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096-041-199

Before DAVIS, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:[*]

This case involves an appeal from a decision of the Board of Immigration Appeals. Petitioner argues that the BIA erred in making factual determinations that he was not present in the United States prior to the year 2000, and was thus not grandfathered into eligibility for an adjustment of his immigration status under 8 U.S.C. § 1255. We review the BIA's factual determinations under the deferential substantial evidence standard. Because

---

[*] Pursuant to Fifth Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Cir. R. 47.5.4.

No. 13-60680

there is substantial evidence supporting the BIA's determination, we DENY Patel's petition.

## I.

In October 2004, Ghanshyambbhai Patel, a native and citizen of India, was charged in a notice to appear (NTA) with removability for illegally entering the United States. The NTA alleged that Patel entered this country "on or about 2002." At his removal hearing Patel informed the immigration court that the NTA was incorrect, he had arrived in the United States in 2000, not 2002. Patel received his labor certification and filed an I-140 petition for an immigrant worker to be eligible for adjustment of status, which was approved. Patel then filed an I-485 application to adjust his status to a permanent resident.

Under 8 U.S.C. § 1255, qualifying aliens who entered the United States without inspection may nevertheless obtain lawful permanent resident status from within the United States. This immigration benefit is only available to those who are "grandfathered" in under § 1255(i)(1). To be grandfathered, the alien must meet several conditions, including, for relevant purposes here, that the alien was physically present in the United States on December 21, 2000. 8 U.S.C. § 1255(i)(1)(C).

At his removal hearing in 2011, Patel offered his own testimony, which contained several contradicting statements, an affidavit from a coworker, "Joe" or "Jose" Fernandez, and at least one letter from a member of the clergy. The government argued that Patel was not present prior to December 21, 2000 and relied on the following: Patel's testimony was inconsistent and he could not explain why he did not indicate a date of entry on his I-485; Patel could not explain why his Form I-213 indicated he entered the United States in 2002; Joe Fernandez's affidavit was signed "Jose Fernandez" and did not specify how he knew Patel was in the United States during the relevant time period; the

2

No. 13-60680

letter from the clergy member was unclear as to how he was associated with Patel; Patel did not provide any documentation from his previous employer, who assisted him when he first came to the United States.

Based on the evidence, the Immigration Judge found that Patel had not demonstrated by a preponderance of the evidence that he was physically present in the United States prior to December 21, 2000, and ordered him removed to India. Patel appealed to the BIA, which dismissed his appeal, concluding that Patel had not demonstrated that the IJ's finding that he failed to meet his burden of proof was clearly erroneous. Patel now petitions this court to review the BIA determination.

## II.

Both parties submit that we have jurisdiction to review the BIA's determination under 8 U.S.C. § 1252(a)(1). Where, as here, the BIA agrees with the factual determinations of the Immigration Judge, we review both the decision of the IJ and the BIA. *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002). We review factual determinations under the substantial evidence standard, reversing only when the evidence compels a contrary conclusion. *Nakimbugwe v. Gonzales*, 475 F.3d 281, 283 (5th Cir. 2007). We must treat the BIA's factual determinations as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## III.

Patel asks us to overturn the BIA's factual determination that he was not physically present in the United States prior to December 21, 2000. At his removal hearing in 2011, Patel bore the burden of proof by a preponderance of the evidence standard. *See* 8 C.F.R. § 1245.10(n). The IJ, and the BIA, found that Patel did not meet his burden. The evidence supporting this determination is: Patel's inconsistent testimony; Patel's inability to explain

No. 13-60680

why his Form I-213 bore an entry date of 2002; the absence of an entry date on Patel's I-485; the inadequacy of Patel's supporting documentation; Patel's failure to produce testimony from his previous employer. We cannot say that this evidence is insubstantial.

Because the BIA's determination is supported by substantial evidence, we DENY Patel's petition[1].

---

[1] Petitioner's motion to file a supplemental letter brief out-of-time is GRANTED.