# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60097
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 29, 2016

Lyle W. Cayce
Clerk

JEAN BERNARD CHIEDZIE,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 356 802

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jean Bernard Chiedzie, a native and citizen of Cameroon, petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He has abandoned any challenge to the denial of withholding of removal or relief under the CAT by failing to brief those issues adequately.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60097

*Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).  Even if Chiedzie had briefed his CAT claim, he failed to exhaust that claim because he did not argue to the BIA that he was entitled to such relief, such that we lack jurisdiction to review it. *See* 8 U.S.C. § 1252(d)(1); *Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2001).

As for his asylum claim, Chiedzie argues that he showed extraordinary circumstances to excuse his untimely filing of that application and that the IJ erred when he determined that Chiedzie was not credible.  Generally, we have authority to review only the decision of the BIA but will consider the IJ's decision if it influenced the determination of the BIA.  *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).  Because the BIA agreed with the IJ's findings and conclusions, the IJ's findings are reviewable.  *See Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).

Whether the BIA improperly weighed or ignored evidence regarding Chiedzie's untimely filing involves questions of fact and does not raise a constitutional or legal question, and thus we lack jurisdiction to address it.  *See Nakimbugwe v. Gonzales*, 475 F.3d 281, 284 & n.1 (5th Cir. 2007).  Accordingly, the asylum claim is dismissed for lack of jurisdiction.  *See Zhu*, 493 F.3d at 594-95.

DISMISSED in part; DENIED in part.