# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60853
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2016

Lyle W. Cayce
Clerk

HASAN KASIM,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 191 794

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Hasan Kasim, a native and citizen of Indonesia, petitions for review of the decision of the Board of Immigration Appeals (BIA), which upheld the Immigration Judge's (IJ) ruling that Kasim was ineligible for asylum, withholding of removal under Immigration & Nationality Act, and relief under the Convention Against Torture (CAT).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60853

As an initial matter, we lack jurisdiction to review the denial of Kasim's claim for asylum because his asylum application was untimely filed. Although Kasim argues that he is eligible for an exception to the one-year asylum filing deadline based on changed or extraordinary circumstances, 8 U.S.C. § 1158(a)(3) specifically bars this court from exercising jurisdiction over that fact-intensive question. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007); *Nakimbugwe v. Gonzales*, 475 F.3d 281, 284, 284 n.1 (5th Cir. 2007) (noting that the determination regarding the existence of extraordinary circumstances is a factual issue). Therefore, we dismiss this portion of the petition.

This court reviews the BIA's findings of fact for substantial evidence. *Zhu*, 493 F.3d at 594. Under the substantial-evidence test, "this court may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). We "will consider the underlying decision of the IJ only if it influenced the determination of the BIA." *Id.*

An applicant for withholding of removal under the statute must demonstrate a clear probability that his life or freedom would be threatened on account of a protected ground. 8 C.F.R. § 1208.16(b); *Campos-Guardado v. INS*, 809 F.2d 285, 290 (5th Cir. 1987). A "clear probability" is one that establishes that it is more likely than not that the applicant would be subjected to persecution for one of the protected grounds. *Cardoza-Fonseca v. INS*, 480 U.S. 421, 430-31 (1987). An applicant can demonstrate a clear probability of future persecution where he establishes a pattern or practice of persecution of a group of similarly situated persons. *See* 8 C.F.R. § 1208.16(b)(2)(i). An applicant for CAT relief must show that it is more likely than not that he would be tortured in the country designated for removal. *Eduard v. Ashcroft*, 379 F.3d 182, 191-92 (5th Cir. 2004).

No. 15-60853

The evidence here does not compel a conclusion that Kasim is eligible for withholding of removal under the statute or CAT relief.  Kasim only detailed two incidents of minor harm he suffered in adulthood, which were nine years apart, and a third incident in his childhood.  None of these incidents involved any serious physical injury.  The harm suffered in these incidents does not amount to past persecution. *Eduard*, 379 F.3d at 188 (holding that substantial evidence supported finding that the harm did not rise to the level of past persecution where the alien had experienced harassment, threats, and one episode of minor violence).  There is insufficient evidence to compel a finding of a pattern or practice of persecution of similarly situated persons on account of a protected ground.  The submitted evidence of individualized harm and recent country conditions do not compel a conclusion that future persecution or torture is more likely than not to occur.  *Kane v. Holder*, 581 F.3d 231, 239 (5th Cir. 2009) (requiring that the alien demonstrate a clear probability of persecution by specific, detailed facts).  Given the deferential review we employ, we deny this portion of the petition.

DISMISSED IN PART; DENIED IN PART.