# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60416
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 3, 2017

Lyle W. Cayce
Clerk

OSWALD COAMS BARAKE,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 035 354

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Oswald Coams Barake, a native and citizen of Kenya, petitions for review of the Board of Immigration Appeals's (BIA's) dismissal of his appeal of the Immigration Judge's (IJ's) decision denying his application for asylum, for withholding of removal, and for relief under the Convention Against Torture (CAT). He contends that the IJ and BIA (1) legally erred when analyzing his excuse for his untimely asylum application, and (2) ignored substantial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence establishing a probability that he will be persecuted or tortured if he is removed to Kenya.

We review the order of the BIA and will consider the underlying decision of the IJ only if it had some impact upon the BIA's decision. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). Our review of rulings of law is *de novo*, and we review findings of fact for substantial evidence. *Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014).

The BIA concluded that Barake did not timely file his application for asylum; we have jurisdiction to review a timeliness determination if it "turns on a constitutional claim or a question of law," but not if it is "based on findings of fact." *Zhu v. Gonzales*, 493 F.3d 588, 594-95 (5th Cir. 2007). To the extent that Barake argues that the BIA committed legal error by conflating "the existence of changed circumstances which materially affect the applicant's eligibility for asylum" with "extraordinary circumstances relating to the delay," we are unpersuaded. *See Nakimbugwe v. Gonzales*, 475 F.3d 281, 284 (5th Cir. 2007); 8 U.S.C. § 1158(a)(2)(D).[1] The record reflects that the BIA considered and rejected both potential exceptions for Barake's untimely asylum application. Accordingly, Barake's petition is denied to the extent that it can be construed as raising a question of law and dismissed to the extent that it can be construed as challenging the BIA's factual timeliness determination. *See Zhu*, 493 F.3d at 594-95.

To establish entitlement to withholding of removal to a country, an alien must demonstrate "a clear probability that his life or freedom would be threatened in that country because of the alien's race, religion, nationality,

---

[1] We pretermit the Respondent's jurisdictional argument that Barake did not exhaust administrative remedies as to this issue because the issue lacks merit even if Barake sufficiently presented it to the BIA. *See Madriz-Alvarado v. Ashcroft*, 383 F.3d 321, 327-28 (5th Cir. 2004) (pretermitting the question of this Court's jurisdiction under 8 U.S.C. § 1252(a)(2)(C) because relief was properly denied on the merits).

membership in a particular social group, or political opinion." *Garcia*, 756 F.3d at 890. To establish entitlement to relief under the CAT, an alien must satisfy "a two part analysis—first, is it more likely than not that the alien will be tortured upon return to his homeland; and second, is there sufficient state action involved in that torture." *Id.* at 891.

We conclude that substantial record evidence supports the BIA's determination that Barake did not establish his entitlement to either withholding of removal or relief under the CAT. *See Garcia*, 756 F.3d at 890-91. The evidence does not compel the conclusion that political violence previously experienced by Barake's family is likely to recur or that Barake himself will more likely than not be subject to persecution or torture under the present conditions in Kenya. *See id.*

The petition for review is DISMISSED IN PART for lack of jurisdiction and DENIED IN PART.