# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60827
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 1, 2018

Lyle W. Cayce
Clerk

OLGA MARISOL DIAZ-TOVAR,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 734 423

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Olga Marisol Diaz-Tovar, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals's (BIA's) dismissal of her appeal of the Immigration Judge (IJ's) decision denying her application for asylum, withholding of removal, and for relief under the Convention Against Torture (CAT).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60827

We lack jurisdiction to review the denial of Diaz-Tovar's claim for asylum because her asylum application was untimely filed.  Although Diaz-Tovar argues that she is eligible for an exception to the one-year asylum filing deadline based on changed or extraordinary circumstances, 8 U.S.C. § 1158(a)(3) specifically bars this court from exercising jurisdiction over that fact-intensive question.  *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007); *Nakimbugwe v. Gonzales*, 475 F.3d 281, 284 n.1 (5th Cir. 2007) (noting that the determination regarding the existence of extraordinary circumstances is a factual issue).  Therefore, we dismiss the petition for review in part.

Generally, we review only the order of the BIA and consider the underlying decision of the IJ to the extent that it influenced the BIA's decision.  *Zhu*, 493 F.3d at 593.  We review the BIA's determination that an alien is not eligible for withholding of removal or relief under the CAT under the substantial evidence standard, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006), and will reverse only if the record compels a different conclusion, *Zhu*, 493 F.3d at 594.

"To be eligible for withholding of removal, an applicant must demonstrate a 'clear probability' of persecution on the basis of race, religion, nationality, membership in a particular social group, or political opinion." *Chen*, 470 F.3d at 1138.  If an alien proves past persecution, she is entitled to a rebuttable presumption of a well-founded fear of future persecution.  8 C.F.R. § 1208.16(b)(1).  This presumption may be rebutted by showing, inter alia, that there has been a fundamental change in circumstances such that the alien no longer has a well-founded fear of future persecution or that she could avoid future persecution by relocating to another part of the country. § 1208.16(b)(1)(i).  "[R]elief under the Convention Against Torture requires a two part analysis—first, is it more likely than not that the alien will be

No. 16-60827

tortured upon return to his homeland; and second, is there sufficient state action involved in that torture." *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351 (5th Cir. 2006) (footnotes omitted).

We conclude that substantial record evidence supports the BIA's determination that Diaz-Tovar did not establish her entitlement to either withholding of removal or relief under the CAT. *See Chen*, 470 F.3d at 1134. The evidence does not compel the conclusion that the Government failed to rebut the presumption of a well-founded fear of future persecution. *See Zhu*, 493 F.3d at 594. The evidence also does not compel the conclusion that Diaz-Tovar would be tortured by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity upon her return to El Salvador. *See id.*

The petition for review is DISMISSED IN PART for lack of jurisdiction and DENIED IN PART.