# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 16, 2021

Lyle W. Cayce
Clerk

No. 19-60667
Summary Calendar

Rosalio Antonio Mendez-Lopez; Melvin Antonio Mendez-Julian,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 806 316
BIA No. A206 806 317

Before Owen, *Chief Judge*, and Ho and Engelhardt, *Circuit Judges*.
Per Curiam:*

Rosalio Antonio Mendez-Lopez, a native and citizen of Guatemala, appeals his order of removal. He experienced extortion demands and threats to his family over the phone from unknown callers. Mendez-Lopez applied

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

for asylum, withholding of removal, and relief under the Convention Against Torture on behalf of himself and his son, Melvin Antonio Mendez-Julian.

First, Mendez-Lopez argues that the Board should have considered his asylum claim, even though it was not timely filed. We can consider timeliness in asylum claims if the reason for untimeliness is based on a legal or constitutional question. *Nakimbugwe v. Gonzales*, 475 F.3d 281, 284 & nn.1-2 (5th Cir. 2007) (per curiam). Because Mendez-Lopez's argument is factual in nature, this court does not have jurisdiction. *See id.* at 284 & n.1.

Second, regarding withholding of removal, Mendez-Lopez contends that the Board of Immigration Appeals erred in affirming that he is not likely to be persecuted on the basis of an imputed political opinion. Mendez-Lopez presents no argument or framing of the evidence that compels this court to conclude that the Board's determination was incorrect. *See Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012).

Third, Mendez-Lopez contests the Board's finding that he has not shown that he will more likely than not be subject to torture upon removal. But Mendez-Lopez does not adequately brief any argument. So, we consider this issue abandoned. *See Cal. Gas Transp., Inc., v. N.L.R.B.*, 507 F.3d 847, 852 n.3 (5th Cir. 2007).

The petition for review is DENIED in part and DISMISSED in part.