# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 10, 2022

Lyle W. Cayce
Clerk

No. 21-60811
Summary Calendar

Petrona Ramos Ortiz; Antonio Coj Castro,

*Petitioners*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A205-355-467 & A205-355-468

---

Before Davis, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:*

In this immigration case, Petrona Ramos Ortiz and Antonion Coj Castro (together "the parents") challenge the Board of Immigration Appeals' ("BIA") denial of relief for cancellation of removal. For the reasons that follow, we DISMISS the petition for lack of jurisdiction.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60811

## I. FACTS

Petrona Ramos Ortiz and Antonion Coj Castro are natives and citizens of Guatemala who are legally married but separated and were each served with a notice of appear ("NTA") charging them with removability for being present in the United States without having been "admitted or paroled." They each applied for cancellation of removal.[1]

Following a hearing on the merits, the immigration judge ("IJ") denied the couple cancellation of removal, concluding that they failed to show that their three United States citizen children, aged 15, 15, and 11 at the time of the decision in 2019, would face exceptional and extremely unusual hardship upon the parents' removal. The parents appealed to the BIA, but the BIA dismissed the appeal. This appeal followed.

## II. DISCUSSION

In considering a petition for review, this court generally reviews only the BIA's decision, but has "authority to review the IJ's decision" if the "BIA adopted and affirmed the IJ's decision based upon the reasons set forth therein."[2]   We review factual findings of the BIA and IJ for substantial evidence, and questions of law de novo.[3]

Proceeding pro se on appeal, the parents argue that the BIA and IJ erred in determining that they had not met their burden to show that their removal would cause exceptional and extremely unusual hardship for their children. In order to be eligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1), the parents must demonstrate, *inter alia*, "that removal would result in exceptional and extremely unusual hardship to [their] spouse,

---

[1] Ramos Ortiz originally sought withholding of removal and asylum, but she later withdrew her application.

[2] *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).

[3] *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007) (citing *Nakimbugwe v. Gonzales*, 475 F.3d 281, 283 (5th Cir. 2007) (per curiam)).

No. 21-60811

parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence."[4]

This court has recently held that, under the Supreme Court's decision in *Patel v. Garland*, 142 S. Ct. 1614 (2022), the hardship determination "is a discretionary and authoritative decision" which "is beyond [this court's] review" under 8 U.S.C. § 1252(a)(2)(B)(i), which strips the court of jurisdiction to review "any judgment regarding the granting of relief" under § 1229b.[5] Thus, under *Castillo-Gutierrez*, the parents' challenge to the BIA's and IJ's hardship determination must be dismissed for lack of jurisdiction under § 1252(a)(2)(B)(i).[6]

## III. CONCLUSION

Accordingly, Petrona Ramos Ortiz's and Antonio Coj Castro's petition for review is DISMISSED for lack of jurisdiction.[7]

---

[4] 8 U.S.C. § 1229b(b)(1)(D).

[5] *See Castillo-Gutierrez v. Garland*, 43 F.4th 477, 481 (5th Cir. 2022) (per curiam) ("*Patel* makes clear that the [Board's] determination that a citizen would face exceptional and extremely unusual hardship is an authoritative decision which falls within the scope of § 1252(a)(2)(B)(i) and is beyond our review.").

[6] *See id.* Petitioners also raise additional arguments for the first time in this court that were not raised before the IJ or the BIA: (1) Although the parents told the IJ the children would remain in the U.S. whether or not they were granted relief, they argue to us that their three sons would face hardship if they accompanied their parents back to Guatemala; (2) The parents argue that Coj Castro has three qualifying relatives with his new partner for whom his removal would pose financial and emotional hardships; (3) The parents additionally argue that the agency lacked jurisdiction over their removal proceedings because the NTAs omitted the time and date of the original hearings in this matter. Because the parents did not argue those contentions to the Agency, this court lacks jurisdiction to consider those arguments. 8 U.S.C. § 1252(d)(1) (requiring exhaustion of "all administrative remedies available to the alien as of right" for judicial review); *see also Avelar-Olivia v. Barr*, 954 F.3d 757, 766 (5th Cir. 2020).

[7] The Government filed a motion for summary denial of review, based on the insufficiency of the parents' evidence of hardship to their qualifying relatives. Because this

---

court's summary affirmance procedure is generally reserved for cases in which the parties concede that the issues are foreclosed by Circuit precedent, the motion is denied. *United States v. Lopez*, 461 F.App'x 372, 374 n.6 (5th Cir. 2012) (per curiam) (unpublished). Unpublished opinions issued in or after 1996 "are not precedent" except in limited circumstances, but they "may be persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).