# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 11, 2011

Lyle W. Cayce
Clerk

No. 10-60477
Summary Calendar

SEGISMUNDO ALVAREZ-MIRANDA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 112 995

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Segismundo Alvarez-Miranda, a native and citizen of Nicaragua, petitions this court for review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal of an order of the immigration judge (IJ) denying his applications for asylum and withholding of removal.[1] The IJ dismissed Alvarez-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Alvarez-Miranda also sought relief under the Convention Against Torture (CAT). He has abandoned this issue by failing to raise it in his petition for review. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

Miranda's asylum application as untimely. We lack jurisdiction to review the BIA's decision affirming the IJ's assessment of facts and circumstances affecting the timeliness of Alvarez-Miranda's asylum application. *See* 8 U.S.C. § 1158(a)(3); *Nakimbugwe v. Gonzales*, 475 F.3d 281, 284 & n.1 (5th Cir. 2007).

Alvarez-Miranda argues that the IJ and BIA erred in denying his withholding of removal claim because he had not established that there was a clear probability that he would be persecuted based on his membership in his politically active family. He asserts that the IJ and BIA erred in not finding that his family was a cognizable social group; that he was active in his brother's political campaign; and that he faces the same risks of future persecution that his brother faces. He also asserts that he was not required to show that he suffered a physical injury to show that he suffered persecution and that the IJ erred in excluding various articles that mentioned his brother's name. He has not shown that the evidence compels a conclusion contrary to the BIA and IJ's determination that he failed to show a clear probability that he would suffer future persecution. *See Hongyok v. Gonzales*, 492 F.3d 547, 550 (5th Cir. 2007). He has not shown that the IJ erred in considering that several members of his family, including two siblings, his ex-wife, and his child, still live in Nicaragua and have not suffered specific threats or actual attacks by Sandinista party members. *See Eduard v. Ashcroft*, 379 F.3d 182, 193 (5th Cir. 2004). He has not shown that the IJ erred in not reaching the issue of whether his family was a particular social group because he failed to show a clear probability of future persecution. *See Hongyok*, 492 F.3d at 549. He has not shown that the IJ erred in excluding the articles concerning his brother or that this affected his eligibility for withholding of removal; the Department of Homeland Security stipulated that his brother, Bronley, was the mayor of Dario, Nicaragua, that Bronley came to the United States, and that Bronley spoke to United States embassy officials in Nicaragua concerning political matters. The petition for review is DENIED.