# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 14, 2013

No. 13-60075
Summary Calendar

Lyle W. Cayce
Clerk

WALTER OSWALDO MATA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 180 793

Before HIGGINBOTHAM, DENNIS and GRAVES, Circuit Judges.
PER CURIAM:[*]

Walter Oswaldo Mata, a native and citizen of Mexico, appeals the decision of the Board of Immigration Appeals (BIA) denying his requests for asylum and withholding of removal. The BIA agreed with the immigration judge (IJ) that Mata's asylum application was untimely and that withholding of removal was unavailable. Mata asserted that his former membership in the Tango Blast gang qualified him for protected status as a member of a particular social group. Additionally, the BIA rejected Mata's claim of entitlement to withholding of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

removal based on an alleged protected social group status arising from Mata's relationship with his brother, who Mata alleged was a former member of the Aztecas gang.

An alien must apply for asylum within one year of arriving in the United States. 8 U.S.C. § 1158(a)(2)(B). The IJ held that the facts did not show that Mata had timely filed his asylum application. The BIA agreed. We are without jurisdiction to review a BIA decision affirming an IJ's factual findings concerning a challenge to the timeliness of an asylum application. *See* 8 U.S.C. § 1252(a)(2)(D); *Zhu v. Gonzales*, 493 F.3d 588, 596 n.31 (5th Cir. 2007); *Nakimbugwe v. Gonzales*, 475 F.3d 281, 284 & n.1 (5th Cir. 2007).

An applicant for withholding of removal bears the burden of demonstrating a clear probability that his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion if he is returned to his country of origin. 8 C.F.R. § 1208.16(b). A clear probability is one that establishes that it is more likely than not that the applicant would be subjected to persecution on account of race, religion, nationality, membership in a particular social group, or political opinion if he is returned to his country of origin. *Campos-Guardado v. INS*, 809 F.2d 285, 290 (5th Cir. 1987). Mata asserts that there exists a clear probability that his life or freedom would be threatened on account of his membership in a particular social group—former members of the Tango Blast gang—if he is returned to Mexico.

Because substantial evidence supports the factual conclusion that Mata "failed to meet [his] burden to prove that [he] personally would more likely than not be subject to persecution" in Mexico, we do not consider the legal question whether former members of the Tango Blast gang constitute "a protected social group." *Hongyok v. Gonzales*, 492 F.3d 547, 550 (5th Cir. 2007). That factual conclusion is supported by the lack of corroboration of Mata's testimony that he had been a gang member and the lack of evidence to support the professed fear

that the tattoos Mata sported would mark him as a former gang member. *See* 8 U.S.C. § 1231(b)(3)(C); 8 C.F.R. § 208.16(b). Mata—the only witness at his merits hearing—testified that he had never returned to Mexico after entering the United States at the age of five. Moreover, he agreed when asked on cross-examination if it was correct that he was not familiar with Mexico because he had spent most of his life in the United States. Given that a reasonable factfinder would not have been compelled to find it clearly probable that Mata would suffer persecution if removed to Mexico, we are required to leave undisturbed the BIA's ruling that he was not entitled to withholding of removal on his claim of former gang membership. *See Hongyok*, 492 F.3d at 550-51.

Additionally, we reject the claim that remand is necessary because the immigration courts failed to consider the claim that Mata will be targeted because of his family relationship with his brother. Mata failed to raise this claim before the IJ. "[A] court may review a final order of removal only if . . . the alien has exhausted all his administrative remedies." 8 U.S.C. § 1252(d)(1); *see Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001). Because Mata never argued before the IJ that his family constituted a particular social group and instead raised this request for relief for the first time as an allegation of error to the BIA, he has failed to exhaust his administrative remedies, depriving us of jurisdiction to review this claim.

Mata moves to supplement the record with copies of documents that were not presented to the immigration courts. As we may not consider documents that were not part of the administrative record, the motion is denied. *See* 8 U.S.C. § 1252(b)(4)(A).

PETITION DENIED IN PART AND DISMISSED IN PART; MOTION TO SUPPLEMENT DENIED.