# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60517
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 25, 2016

Lyle W. Cayce
Clerk

DAB BAHADUR BISHWAKARMA,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 573 037

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Dab Bahadur Bishwakarma, a native and citizen of Nepal, petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He has abandoned any challenge to the denial of relief under the CAT by failing to brief that issue adequately. *See Thuri v. Ashcroft*, 380 F.3d 788,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60517

793 (5th Cir. 2004) (noting that arguments not raised in the petition for review are considered waived); *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Generally, we have authority to review only the decision of the BIA but will consider the IJ's decision if it influenced the determination of the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). Because the BIA agreed with the IJ's findings and conclusions, the IJ's findings are reviewable. *See Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002). We review the determination of an alien's eligibility for asylum for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005).

Bishwakarma asserts that the BIA erred in concluding that his asylum application did not meet the one-year statutory deadline. Regardless of any error, we decline to reverse and remand on this issue because the IJ and the BIA considered the merits of Bishwakarma's asylum application. *Cf. Nakimbugwe v. Gonzales*, 475 F.3d 281, 284-85 (5th Cir. 2007) (reversing and remanding due to timeliness error, where the error resulted in the BIA failing to consider the merits of petitioner's asylum application).

Bishwakarma also argues that the IJ violated his due process rights by aggressively questioning him during his immigration hearings. We review constitutional claims de novo. *See Sattani v. Holder*, 749 F.3d 368, 370 (5th Cir. 2014). As the BIA concluded, the record reveals that the IJ appropriately asked questions in order to fully develop the record. *See Calderon-Ontiveros v. INS*, 809 F.2d 1050, 1052-53 & n.1 (5th Cir. 1986). Moreover, the questions asked by the IJ did not preclude Bishwakarma from presenting further testimony or evidence concerning his claims and did not "substantially prejudice" him. *Id.* at 1052; *see Wang v. Holder*, 569 F.3d 531, 541 (5th Cir. 2009) (rejecting similar due process claim).

2

No. 14-60517

Bishwakarma further asserts that the BIA erred in affirming the IJ's findings on his credibility. In making an adverse credibility determination, the IJ noted that Bishwakarma provided testimony that was not only internally inconsistent, but also inconsistent with the documentary evidence, including the affidavit Bishwakarma submitted with his asylum application. The IJ cited to numerous inconsistencies upon which it had relied to reach its decision. The BIA cited these same inconsistencies, noting that the IJ's analysis was "cogent" and specifically citing (1) Bishwakarma's lack of knowledge of the monarchy in Nepal, which was supported by his alleged political party, (2) Bishwakarma's explanations regarding the date he and his family were first contacted by the Maoists, his alleged torturers, (3) the dates and circumstances of his family's abduction by the Maoists, and (4) the dates and circumstances of the murders of his brother and sister. The BIA asserted that these inconsistencies were "material," noting that Bishwakarma was unable to provide a coherent timeline of abuse. In light of Bishwakarma's inconsistent and often vague testimony, neither the IJ nor the BIA erred by concluding that Bishwakarma was not a credible witness. *See Wang*, 569 F.3d at 537-38; 8 U.S.C. § 1158(b)(1)(B)(iii). Accordingly, substantial evidence supports the denial of his application for asylum. *See Wang*, 569 F.3d at 536-37; *Zhang*, 432 F.3d at 344-45.

In his final issue on appeal, Bishwakarma asserts that he is entitled to a fair consideration of his request for relief in the form of withholding of removal. An applicant for withholding of removal "must demonstrate 'a clear probability' of persecution upon return" to his native country. *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004). "A clear probability means that it is more likely than not that the applicant's life or freedom would be threatened by persecution on account of either his race, religion, nationality, membership in

3

a particular social group, or political opinion." *Id.*; *see* 8 C.F.R. § 1208.16(b); 8 U.S.C. § 1231(b)(3)(A); *see also* § 1208.16(b)(1)(i) (stating that a showing of past persecution gives rise to a rebuttable presumption that an applicant's life or freedom will be threatened in the future).  Because this standard is more stringent than the standard required to determine eligibility for asylum -- past persecution or a well-founded fear of future persecution on account of an enumerated ground -- an applicant who fails to show a well-founded fear, without more, will necessarily fail to show a clear probability of persecution. *See Chen v. Gonzales*, 470 F.3d 1131, 1135, 1138 (5th Cir. 2006).  Given the adverse credibility determination and Bishwakarma's failure to satisfy his burden of proof regarding his eligibility for asylum, he, thus, fails to satisfy the higher objective burden required to show eligibility for withholding of removal. *See id.* at 1138.

Accordingly, Bishwakarma's petition for review is DENIED.