# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 21, 2013

No. 12–60170

Lyle W. Cayce
Clerk

ANDRE LUIS BARBOSA-FERREIRA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 964 832

Before JONES and CLEMENT, Circuit Judges, and KAZEN[*], District Judge.

KAZEN, District Judge:[**]

The Board of Immigration Appeals ("BIA") affirmed a decision by an Immigration Judge ("IJ") finding that the Petitioner's request for asylum was untimely and that he was not entitled to withholding of removal under 8 U.S.C. § 1231 or relief under the Convention Against Torture ("CAT"). Petitioner now seeks review from this Court.

---

[*] District Judge of the Southern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12–60170

# I. BACKGROUND

Petitioner Andre Luis Barbosa Ferreira ("Ferreira"), a native of Brazil born in 1979, entered the United States on June 9, 2001, on a student visa. He did not maintain his student status beyond 2002, but remained in the United States. In 2009, the Department of Homeland Security issued Ferreira a Notice to Appear, charging that he was removable as an alien who had failed to maintain or comply with the conditions of his nonimmigrant status. Ferreira conceded his removability, but applied for asylum and sought relief through withholding of removal and protection under the CAT.

At his hearing in front of the IJ, Ferreira testified that as an openly gay man, he feared persecution and torture if he returned to Brazil. He stated that he had not been physically harmed before, but that in 2001, he and a friend were stopped by police after leaving a bar in a gay neighborhood in his hometown of Patos de Minas. The police threatened and harassed Ferreira and assaulted his friend. He further testified that in 2005, after he had been in the United States for several years, he began living an openly gay lifestyle. Shortly before his arrest in 2009, he revealed his homosexuality to his brother, who was living in Louisiana. Ferreira also submitted into evidence the 2009 US Department of State Human Rights Report for Brazil ("Report") and news articles discussing the difficulties homosexuals face in Brazil.

The IJ denied Ferreira's application for asylum, finding it untimely because he did not apply within one year of his entry into the United States and had not shown changed or extraordinary circumstances that excused his delay. The IJ also determined that Ferreira was ineligible for withholding of removal because he failed to establish that he faced a clear probability of persecution upon return to Brazil, and that he was ineligible for relief under the CAT because he had not shown that he was likely to be tortured in Brazil. Ferreira appealed to the BIA, which agreed with the IJ's findings and dismissed the appeal.

No. 12–60170

## II. Standard of Review

With respect to the asylum claim, as we explain below, we cannot review it and we only have jurisdiction to review the determinations regarding withholding of removal and the CAT. The BIA's conclusion that an alien is not eligible for withholding of removal or relief under the CAT is a factual finding that we review for substantial evidence. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). "Under the substantial evidence standard, reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Id.* (internal quotation marks and citation omitted). This court reviews decisions made by the BIA and only considers the rulings and findings of the IJ if they impact the BIA's decision. *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002). Since the BIA agreed with the IJ's findings and conclusions, the IJ's findings are reviewable. *Id.*

## III. DISCUSSION

### A. Asylum

An alien seeking asylum must file an application within one year after his arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). The one-year deadline may be excused however, "if the alien demonstrates . . . either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." *Id.* § 1158(a)(2)(D). We lack jurisdiction to review determinations of timeliness that are based on the facts and circumstances of a case, although we do have jurisdiction over determinations based on constitutional claims or questions of law. *Id.* §§ 1158(a)(3), 1252(a)(2)(D); *Zhu v. Gonzales*, 493 F.3d 588, 594-95 (5th Cir. 2007); *Nakimbugwe v. Gonzales*, 475 F.3d 281, 284 n.1 (5th Cir. 2007). In this case, the underlying determination of timeliness turned entirely on questions of fact. The BIA upheld the IJ's determination that Ferreira's unfamiliarity with the English language and revelation of his homosexuality to his brother did not constitute extraordinary or changed circumstances that

3

excused his untimely filing.  Therefore, we have no jurisdiction to review the asylum claim.

## B. Withholding of Removal

An applicant is eligible for withholding of removal if he or she demonstrates a clear probability of persecution upon return, which means that it is "more likely than not that the applicant's life or freedom would be threatened by persecution on account of either his race, religion, nationality, membership in a particular social group, or political opinion." *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004).  A clear probability of persecution can be established through evidence of either  a past or future threat to life or freedom. 8 C.F.R. § 1208.16(b)(1)–(2).  Discrimination, harassment, and threats are not significant enough harm to be considered persecution.  *See Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004).

Ferreira argues that he established past persecution based on the incident when, after leaving a bar frequented by gay men, police officers detained him and a friend and physically assaulted the friend.  Substantial evidence supports the determination by the BIA and IJ that this single incident, in which Ferreira was threatened and harassed but not injured, did not constitute persecution.

Nonetheless, an alien who has not suffered past persecution can demonstrate a future threat to life or freedom by either showing that he will be singled out for persecution or that a pattern or practice of persecution of a group of persons similarly situated to the applicant exists.  8 C.F.R. § 1208.16(b)(2)(i)-(ii).  Ferreira has neither shown that he will be singled out for persecution nor that a pattern or practice of persecution against homosexual men exists in Brazil.  Ferreira argues that the IJ failed to consider meaningfully evidence beyond the Report, specifically news articles which showed that more men are killed due to their sexual orientation in Brazil than anywhere else in the world.  This claim is without merit.  In his decision, the IJ discussed the reported number of killings of gay men in Brazil and concluded that the chance of

Ferreira actually being killed for his homosexuality is speculative. As the IJ noted, the Report indicates that a gay rights NGO received 115 reports of killings based on sexual orientation and gender identity from January to September 2009. The Report points out that this was a decrease from 188 during the same period in the prior year, and also notes that Brazil has a population of 192 million. The IJ and BIA concluded that killings are rare and homophobic sentiment tends to manifest itself in petty types of harassment, such as ridicule and disapproval.

Additionally, the Report and news articles submitted by Ferreira contain evidence of the growth of movements, including many sponsored by the government, to promote non-discrimination and protect the rights of homosexuals. Many states and municipalities bar discrimination, and in 2008, then-President Luiz Inacio Lula da Silva addressed the country's first national gay rights conference. According to one of the news articles Ferreira submitted, São Paulo hosts what is thought to be the largest gay pride demonstration in the world, reaching an estimated attendance of three million people in 2008. The evidence in the record does not compel reversal.

## C. Convention Against Torture

A claim under the CAT is a separate claim from asylum or withholding of removal. *Roy*, 389 F.3d at 139. "To obtain relief under the [CAT], the alien . . . . must show a likelihood of torture upon return to his homeland." *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350 (5th Cir. 2006). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman[,] or degrading treatment or punishment that do not amount to torture." *Id.* § 208.18(a)(2). The IJ found that Ferreira is likely to face ridicule and

No. 12–60170

discrimination if he returns to Brazil, but that this falls well short of torture. The evidence in the record does not compel a contrary conclusion.

## IV. CONCLUSION

For the foregoing reasons, we lack jurisdiction to review Ferreira's claim for asylum, and we find that the BIA's determination that he is ineligible for withholding of removal and relief under the CAT is supported by substantial evidence.  The petition for review is DENIED.