# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2022

Lyle W. Cayce
Clerk

No. 20-60814

Jose Alfredo Melendez-Monge,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 170 270

Before Higginbotham, Dennis, and Graves, *Circuit Judges*.
Per Curiam:*

José Alfredo Melendez-Monge petitioned this Court to review the denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We deny his petition.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60814

## I.

Melendez-Monge is a native and citizen of El Salvador. While in El Salvador, he received national recognition for his work as a model, dancer, and television host. He also studied law at a university, completing three years of a five-year program.

Melendez-Monge is openly gay and is an advocate for the LGBTQ+ community. From December 2014 to February 2015, the MS-13 gang repeatedly threatened and extorted him. Melendez-Monge testified that "[the gang] told me that they needed money, and that I had to pay them, because I was gay. Because people like me could not be in their proximity . . . that we were not men." The gang also threatened Melendez-Monge's sister. While the gang never physically harmed him, Melendez-Monge became fearful. He stopped going to university and working, and stayed inside. He also testified that many people belonging to a sexual minority in his community hide their sexuality because they are discriminated against or face severe violence or death. Finally, Melendez-Monge testified that while the police initially attempted to help him, after he told the police that the gang targeted him for being gay, "they said that that was my fault . . . that if I were not gay, all of that wouldn't be happening." However, the police did help Melendez-Monge and his sister when a gang member followed them in retaliation for Melendez-Monge failing to pay the extortion demand.

After this incident, Melendez-Monge unlawfully entered the United States in 2015. An immigration officer issued him a notice to appear charging him as removable. Melendez-Monge admitted the factual allegations against him, conceded that he was removable, and applied for asylum, withholding of removal, and protection under CAT. He claimed membership in particular social groups (PSGs) consisting of "(1) sexual minorities in El Salvador; (2)

No. 20-60814

Salvadoran gay males; and (3) nationally-recognized gay Salvadoran public figures."

The Immigration Judge (IJ) denied relief but granted Melendez-Monge voluntary departure. As to Melendez-Monge's asylum and withholding of removal claims, the IJ reasoned that Melendez-Monge failed to establish past persecution as threats and extortion, absent physical harm or something more, are insufficient. The IJ further reasoned that Melendez-Monge failed to establish a well-founded fear of future persecution. Because the police helped him in the past, his fear that he will be killed by the gang without any protection from the police in the future is objectively unreasonable. Finally, the IJ rejected Melendez-Monge's CAT claim because Melendez-Monge did not present evidence that he was tortured as he was not physically harmed. Nor could he show that he was tortured by or with the acquiescence of the El Salvadorian government. The BIA adopted the IJ's reasoning and likewise denied relief. Melendez-Monge petitioned for review by this Court.

## II.

We review the BIA's decision and consider the IJ's decision only to the extent that it influenced the BIA.[1] We review findings of fact, including the denial of asylum, withholding of removal, and CAT protection under the substantial evidence standard.[2] We may not reverse a factual finding unless the petitioner demonstrates that the evidence compels reversal.[3]

## III.

---

[1] *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

[2] *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

[3] *Id.*

No. 20-60814

For each of his claims, Melendez-Monge argues that the IJ and BIA improperly failed to consider country reports indicating that sexual minorities experience violence at the hands of gangs and the police in El Salvador. He requests that if we do not reverse the BIA's decision, that we remand to the BIA for further consideration of the country reports.

Remand is not warranted here. While the BIA is not "required to address every piece of evidence," it is required to consider "key evidence."[4] It is true that the IJ did not explicitly consider these country reports in her analysis of each of Melendez-Monge's claims, nor did the BIA explicitly mention the reports in adopting the IJ's decision and reasoning. Nevertheless, the IJ stated that "The Court considered . . . respondent's supporting documents . . . including the El Salvador Human Rights Report." This consideration overcomes our "concern that the BIA did not adequately consider the evidence before it."[5]

## IV.

## A.

Melendez-Monge argues that the BIA erred by upholding the IJ's denial of asylum and withholding of removal.

To be eligible for asylum, Melendez-Monge must show that he is "unable or unwilling to return [to his home country] because of persecution or a well-founded fear of persecution on account of" PSG membership.[6]

---

[4] *See Emmanuel-Tata v. Garland*, No. 20-60487, 2022 U.S. App. LEXIS 924, at *8 (5th Cir. Jan. 12, 2022) (per curiam) (internal quotations and citations removed); *see also Arulnanthy v. Garland*, 17 F.4th 586, 597 (5th Cir. 2021).

[5] *Emmanuel-Tata*, No. 20-60487, 2022 U.S. App. LEXIS 924, at *8.

[6] *Revencu v. Sessions*, 895 F.3d 396, 402 (5th Cir. 2018) (internal quotations and citations removed); 8 U.S.C. § 1101(a)(42)(A).

No. 20-60814

Melendez-Monge may make this showing by demonstrating (1) past persecution, giving rise to a presumption of a well-founded fear of persecution or (2) a well-founded fear of future persecution.[7]

First, Melendez-Monge failed to demonstrate past persecution. "Persecution is often described in the negative."[8] We have held that, while "morally reprehensible," "discrimination [and] harassment" ordinarily do not amount to persecution.[9] Additionally, we have held that economic extortion absent more is not persecution.[10] Here, although Melendez-Monge was threatened, harassed, and extorted sporadically over the course of three months, he was not physically harmed by the gang members. Thus, the BIA's determination that the gang's "discrimination," "harassment," and sporadic "economic extortion" does not compel reversal.[11]

Second, Melendez-Monge failed to demonstrate a well-founded fear of future persecution. Melendez-Monge bore the burden to establish a "subjective fear of persecution, and that fear must be objectively reasonable."[12] A petitioner cannot show an objectively reasonable fear of persecution absent a showing that "the violence is condoned or orchestrated

---

[7] 8 C.F.R. § 208.13(b).

[8] *Gjetani v. Barr*, 968 F.3d 393, 397 (5th Cir. 2020).

[9] *Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004) (also noting that the petitioner received minor physical injuries) (internal quotations and citations removed). *See also Barbosa-Ferreira v. Holder*, 526 F. App'x 411, 414 (5th Cir. 2013) ("Substantial evidence supports the determination by the BIA and IJ that this single incident, in which Ferreira was threatened and harassed but not injured, did not constitute persecution.").

[10] *Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012).

[11] *See Eduard*, 379 F.3d at 188; *Castillo-Enriquez*, 690 F.3d at 668.

[12] *Eduard*, 379 F.3d at 189 (internal quotations and citations removed).

5

No. 20-60814

by the current [ ] government."[13] Here, the police protected Melendez-Monge and his sister when a gang member followed them after Melendez-Monge failed to pay the extortion demand. Thus Melendez-Monge could not show that the government would condone future violence against him. The BIA's determination that Melendez-Monge did not show that his fear of persecution was objectively reasonable does not compel reversal.

The showing for withholding of removal is similar to asylum but involves a "more difficult" standard.[14] To be eligible for withholding of removal, Melendez-Monge must demonstrate "a clear probability of persecution on the basis of" a PSG.[15] Because the record did not compel reversal as to Melendez-Monge's asylum claim, it does not compel reversal as to his more demanding withholding of removal claim.

**B.**

Finally, Melendez-Monge argues that the BIA erred by upholding the IJ's denial of relief under CAT. To be eligible for protection under CAT, Melendez-Monge must first show "that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal."[16] Second, Melendez-Monge must show that the government inflicted,

---

[13] *Shehu v. Gonzales*, 443 F.3d 435, 438 (5th Cir. 2006); *Ibarra-Avilez v. Garland*, No. 19-60273, 2022 U.S. App. LEXIS 1422, at *11 (5th Cir. Jan. 19, 2022) (per curiam) (holding that country reports detailing violence against the transgender community is insufficient to establish a well-founded fear of future persecution when the petitioner does not also show that the country's government sanctions the violence).

[14] *Revencu*, 895 F.3d at 402; *Chen v. Gonzales*, 470 F.3d 1131, 1138 (5th Cir. 2006).

[15] *Id.* (internal quotations removed).

[16] *Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002) (internal quotations and citations removed).

acquiesced, or gave consent to the torture.[17] Again, because the police has protected Melendez-Monge in the past, the record does not compel reversal as to the BIA's finding that Melendez-Monge failed to show sufficient state action giving rise to CAT relief.

* * * *

We are sympathetic to Melendez-Monge for the hardships he has endured, but the substantial evidence standard is not easily overcome. Accordingly, we DENY Melendez-Monge's petition for review.

---

[17] *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351 (5th Cir. 2006).